17 F.3d 398
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Mary H. WILEY, individually and as Administrator of the
Estate of William Jackson Wiley (deceased),
Plaintiff-Appellant,
v.
Peter S. GUILFOYLE, individually and as an officer of
Opticomp Corporation, Opticomp Corporation, a California
corporation, Opticomp Corporation, a Nevada corporation,
Does One through Ten, Defendant-Appellees.
 No. 92-16619.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 14, 1994.
Decided Feb. 17, 1994.
 
 Before: SCHROEDER, NOONAN, Circuit Judges, and JONES,* District Judge.
 MEMORANDUM**
 PER CURIAM:
 
 
 1
 Appellant, Mary Wiley, individually and as administrator of the estate of William Wiley (deceased), brings this action against appellees, Peter Guilfoyle, individually and as an officer of Opticomp Corporation; Opticomp Corporation, a California corporation; Opticomp Corporation, a Nevada corporation; and Does one through ten. She asserts claims for fraud, conversion, and an accounting arising out of an alleged oral joint venture agreement between her late husband, William Wiley, and appellee Guilfoyle. The district court granted summary judgment in favor of appellees. We affirm.
 
 DISCUSSION
 
 2
 I. Summary Judgment.
 
 
 3
 We review the district court's grant of summary judgment de novo. Jones v. Union Pac. R.R., Co., 968 F.2d 937, 940 (9th Cir.1992). We conclude that the district court properly rejected appellant's claim of a verbal agreement.
 
 
 4
 Appellant claims that Wiley and Guilfoyle orally agreed to work together to develop an optical computer, with each of them to receive an unspecified share of the ownership and profits of their venture. She also claims that the agreement required Guilfoyle to hire Wiley at an annual salary of approximately $100,000, provided that Guilfoyle's company, Opticomp, was able to obtain adequate funding. Appellant's contentions lack specific evidentiary support as required by Fed.R.Civ.P. 56(e).
 
 
 5
 There is no documentary evidence reflecting either the terms of the agreement or its existence. Guilfoyle, the only surviving party to the alleged contract, denies that it existed. Appellant believes that an agreement resulted from discussions between Wiley and Guilfoyle in 1985 and 1986, but she did not participate in the negotiations and is unable to offer competent evidence about the date, location or subject matter of any particular discussion. She also concedes that Wiley and Guilfoyle never reached agreement on key terms, including the apportionment of Opticomp stock, the treatment of profits and losses, and Wiley's employment by the company. Such evidence is too meager to create a triable issue of fact concerning the existence of the claimed contract.
 
 
 6
 In addition, even if appellant could somehow establish the existence of the claimed verbal agreement, her action to enforce it is untimely. California law establishes a two-year limitations period for the commencement of an action on a verbal contract. Cal.Code Civ.P. 339(1). This action was not filed until May 1991, nearly three years after Wiley's death. It is therefore time-barred. Appellant cannot avoid the limitations problem by characterizing her action as one for fraud, conversion, and an accounting. "Under well established legal principles the applicable statute of limitations is determined by the nature of the right sued upon." Hedlund v. Superior Court of Orange County, 669 P.2d 41, 45 (Cal.1983).
 
 
 7
 II. The Post-judgment Motions.
 
 
 8
 Appellant argues that the trial court abused its discretion in its order of December 16, 1992, in which it denied her motion for reconsideration and declined to consider her motions to vacate the judgment and amend the complaint. We find no error in the district court's decision. The proposed amended complaint would simply have restated the allegations of the initial complaint, albeit in a somewhat different manner; consequently, no purpose would have been served by allowing it to be filed. In addition, appellant filed her notice of appeal on August 31, 1992, the same day as her motion to amend and motion to vacate judgment. The filing of the appeal divested the district court of jurisdiction to consider the post-judgment motions. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam). The court committed no error when it refused to entertain them.
 
 CONCLUSION
 
 9
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Robert E. Jones, United States District Judge for the District of Oregon, sitting by designation
 
 
 **
 This publication is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3